(No. 21162) 
THE PEOPLE *ex rel.* Valentine Odell, County Collector, Appellant, *vs.* A. L. ETCHISON, Appellee.

*Opinion filed February 19, 1932.*

CLARENCE T. SMITH, State's Attorney, for appellant.

Mr. JUSTICE DUNN delivered the opinion of the court:

The county court of Clay county sustained objections to the application of the county collector for judgment and order of sale for taxes of the year 1927 against lots 1 and 2 of Steinbrook's addition to the village of Louisville, taxed in the name of A. L. Etchison, and the collector appealed.

Objections were filed on the ground that the taxes for which judgment was claimed had been paid.

The tax judgment, sale, redemption and forfeiture record showed an unpaid special assessment for the year 1927 of $45.78 and an unpaid general tax of $21. The collector's report and proof of notice of the application made out a *prima facie* case which entitled the collector to judgment unless the objector proved the defense of payment as set forth in the objections. J. R. Clifton testified that he

was the collector of pavement taxes in the village of Louis-ville in 1927 and 1928. He had a book showing the collections made. The installment on lots 1 and 2 in Steinbrook's addition for the year 1927 amounted to $45.78 and the book shows that it was paid as installment No. 5. The book does not show the date of the payment. He turned it in delinquent and it was paid before advertised in the spring of 1928. The book shows that it was turned over to the village. It was paid by the county treasurer, James McGregor. Valentine Odell was called as a witness for the objector, and he testified that the taxes extended against the Etchison lots for 1930 amounted to $23.51, with penalty added $24.77, and that the latter amount was due and unpaid. This was all the evidence.

It is argued on the part of the appellant that when the paving tax was returned delinquent to the county collector it became the duty of the collector to collect the tax and pay it over to the proper officer, and the presumption is that the collector failed to make application for judgment and sell the land but that he did misappropriate the funds belonging to Clay county and pay to the special tax collector of the village of Louisville the sum due and returned as delinquent. There is no evidence of any failure of the collector to make application for judgment or his failure to collect the tax and there is no basis for any presumption of malfeasance or misappropriation of funds by the treasurer. The tax was paid, and after its payment there was no authority to render judgment against the land. There was no evidence of any payment of the general taxes.

The judgment of the county court is affirmed as to the paving tax and reversed as to the other taxes and the cause is remanded to the county court, with directions to render judgment for such other taxes.

*Reversed in part and remanded, with directions.*